# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3011
_____

Brad Lee Erdahl

*Plaintiff - Appellant*

v.

Ken Pirc; Mike Shierbrock; Charles Marmor; Katrina Carter

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 19, 2021
Filed: November 18, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.

_____

PER CURIAM.

Brad Erdahl, an inmate at the Iowa State Penitentiary, sought an injunction requiring prison officials to recognize Soto Zen Buddhism as a separate religious group. The district court[1] dismissed the case at summary judgment, and we affirm.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

## I.

While in prison, Erdahl became dissatisfied with the existing Buddhist services and requested separate time in the chapel for those practicing Soto Zen. He asked Reverend Zuiko Redding, a Soto Zen priestess who already visited the prison at least once a month, to conduct the services for the new group.

Reverend Redding did not think a separate group was necessary. Rather, she told prison officials that the existing group met all of Erdahl's religious needs. Following an investigation, the prison denied his request.

Erdahl, however, did not give up. After exhausting his administrative remedies, he filed a lawsuit alleging that prison officials had violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment. The district court granted summary judgment on the ground that the prison's decision had not substantially burdened his ability to practice his religion.

## II.

We review the district court's decision de novo, *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1050 (8th Cir. 2020), "view[ing] the evidence in [the] light most favorable to [Erdahl,] the nonmoving party." *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134 (8th Cir. 2020) (citation omitted). We will affirm if the record shows that "no genuine issue of material fact exists" and that the prison officials are "entitled to judgment as a matter of law." *Id.* (citation omitted).

RLUIPA protects the free-exercise rights of inmates in state and federal prisons. *See* 42 U.S.C. §§ 2000cc *et seq.* The First Amendment does too, but under a more prison-friendly standard. *See Gladson v. Iowa Dep't of Corrs.*, 551 F.3d 825, 832–33 (8th Cir. 2009).

The threshold issue in proving either type of claim is whether the challenged decision has "placed a 'substantial burden' on [an inmate's] ability to practice his religion." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *see also Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009) (describing this part of the inquiry as a "threshold issue"). This test required Erdahl to show that the prison officials "significantly inhibit[ed] or constrain[ed] conduct or expression that manifests some central tenet of [his] individual religious beliefs; [] meaningfully curtail[ed] [his] ability to express adherence to his . . . faith; or [] den[ied] [him] reasonable opportunities to engage in those activities that are fundamental to [his] religion." *Mbonyunkiza*, 956 F.3d at 1053 (quotation marks omitted).

As the district court concluded, Erdahl has not shown that his religious practice has been *substantially* burdened in any of these ways. It is undisputed that he continues to have an opportunity to attend the existing Buddhist services, which are conducted at least once a month by Reverend Redding, who is his preferred minister and religious advisor.

In the end, the prison only has to provide "a reasonable opportunity" for Erdahl to practice his faith. *Van Wyhe*, 581 F.3d at 657. Given that this is not one of those situations in which his "sole opportunity for group worship arises under the guidance of someone whose beliefs are significantly different from his own," we conclude that is exactly what he had. *Weir v. Nix*, 114 F.3d 817, 821 (8th Cir. 1997).[2]

---

[2]Although *Weir* was decided under the Religious Freedom Restoration Act of 1993 (RFRA), not RLUIPA, *see Weir*, 114 F.3d at 819–20, the standard is the same under both statutes, so cases decided under RFRA guide our resolution of claims brought under RLUIPA, *see Murphy v. Mo. Dep't of Corrs.*, 372 F.3d 979, 987 (8th Cir. 2004).

## III.

We accordingly affirm the judgment of the district court.

_____